Duncan, .7.
delivered the opinion of the court. This was an indictment for retailing ardent spirits without a license. The defendant pleaded in abatement that one of the grand jurors was not qualified, because he was not a freeholder of the county of Albemarle; on which plea an issue was made up, and the parties agreed the facts, and submitted the law arising upon them to the *750 ' wHich thereupon pronounced judgment against the sufficiency of the plea. The defendant then pleaded not guilty, and a verdict for the commonwealth was . rendered, and judgment was given upon the verdict. The defendant applied for and obtained a writ of error from this court, on the ground that the circuit court erred in not sustaining the plea in abatement, on the agreement of facts which is made part of the record, and is as follows: [Here the judge stated the facts agreed.] The court having decided against the plea in abatement, this court is now called upon to examine the correctness of that decision.
The statute prescribing the qualification of grand jurors directs (among other things) that a juror should be a freeholder. It becomes unnecessary to state the requisites constituting a freehold estate, since we find that as early as Co. Lit. 272. b. the english courts, in giving a'practical exposition of the statute of 2 Hen. 5. ch. 3.. stat. 2. prescribing the freehold qualification of jurors, decided that a cestui que use, “ who took the whole profits, and in equity and conscience the land was his,” was a competent juror: and in this court, in the case of Commonwealth v. Carter, 2 Va. Cas. 319. the qualification was extended to embrace a juror who had executed a deed of trust upon’his lands for the payment of debts, the juror remaining in possession although the day of payment had passed. Whether the qualification ought to be extended to embrace a mere vendee in possession, who had paid the purchase money and had a complete right in equity to call for the legal title, remains to be considered. A majority of the court are of opinion that this question does not arise in this case : that the juror in the present case having declined to accept the title tendered to him by his vendor, and having instituted a suit questioning the title, cannot be considered as a freeholder within the equity of the statute : and in the opinion of a majority of this court, it would *751 be inconvenient in practice to impose upon the courts . . , . .. . • • r • i the necessity oí deciding, in criminal causes, m a collateral way, the qualification of jurors resting upon a mere equitable title, when the juror himself was not satisfied to accept the legal title tendered to him. A majority are therefore of opinion that the judgment of the circuit superiour court of law and chancery, overruling the plea in abatement, is erroneous.
Daniel and Thompson, J. dissented.
Judgment reversed, verdict set aside, and indictment quashed.